**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAMIE TYSON and NICHOLETTE TYSON,

Plaintiffs,

v.

Case No. 8:26-cv-2676-KKM-LSG

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, et al.,

Defendants.

---

**ORDER**

Plaintiffs Jamie and Nicholette Tyson bring this action against the United States Citizenship and Immigration Service (USCIS), Secretary of Homeland Security, Director of USCIS, and Associate Director of USCIS's Service Center Operations Directorate under the Administrative Procedure Act (APA), Immigration and Nationality Act (INA), and Mandamus Act. They seek an injunction and writ of mandamus compelling USCIS to adjudicate Jamie Tyson's Form I-130, Petition for Alien Relative, ahead of Nicholette Tyson's October 2, 2026 hearing before an immigration judge. *See generally* Am. Compl. (Doc. 2).

I ordered the Tysons to show cause why this action should not be dismissed for lack of subject-matter jurisdiction in the light of the INA's jurisdiction-stripping provisions.[1] O.S.C. (Doc. 5). The Tysons respond, arguing that subject-matter jurisdiction is proper because the INA's jurisdiction-stripping provisions do not apply to USCIS's pace of adjudicating an I-130 petition. Resp. to O.S.C. (Doc. 7) at 2–5. I disagree and dismiss this action.

## I. BACKGROUND

Nicholette Tyson is a citizen of Jamaica who is in removal proceedings and has a hearing before an immigration judge on October 2, 2026. Am. Compl. ¶ 1; *see* Form I-130 (Doc. 1-2). She previously sought adjustment of status based on her marriage to a United States citizen, but she and her former spouse withdrew the related application after "that marriage deteriorated." Am. Compl. ¶ 19. Nicholette then married Jamie Tyson on January 24, 2025, shortly after his previous marriage was dissolved by court order. *Id.* ¶¶ 20–21.

The Department of Homeland Security (DHS) initiated removal proceedings against Nicholette Tyson sometime after her marriage to Jamie

---

[1] I also ordered the Tysons to show cause why this action should not be dismissed for lack of standing. Because I conclude that the APA, 8 U.S.C. § 1252, and Mandamus Act preclude review of the Tysons' claims, I do not examine whether the complaint sufficiently alleges standing.

Tyson. Am. Compl. ¶ 22.[2] Then, on June 12, 2025, Jamie Tyson filed an I-130 petition on behalf of Nicholette Tyson. *Id.* ¶ 23. Nicholette Tyson thereafter filed a Form I-485, Application to Register Permanent Residence or Adjust Status, in the removal proceedings. *Id.* ¶ 24.

On August 14, 2026, Nicholette Tyson's immigration counsel sent a request to USCIS seeking expedited consideration of the I-130 petition ahead of the October 2nd hearing. *Id.* ¶ 26. Immigration counsel also sought intervention from a United States Senator and DHS's Office of the Principal Legal Advisor. *Id.* ¶¶ 27–28.

The Tysons now seek an order from this Court compelling USCIS to resolve their I-130 petition ahead of the October 2 hearing. Am. Compl. at 13 (requesting an order that USCIS "complete[s] all necessary processing and adjudicate[s] the I-130 [petition] within fourteen days" of the complaint). They acknowledge that "[t]he record reflects facts likely to require a marital

[2] The Tysons allege that, "[b]efore Plaintiffs could obtain adjudication of immigration benefits based on their present marriage, DHS served [Nicholette] Tyson with a Notice to Appear and placed her in removal proceedings." Am. Compl. ¶ 22. They omit the date on which DHS initiated removal proceedings and do not attach as an exhibit the notice to appear. Based on the complaint's allegations, it appears that DHS initiated removal proceedings before the Tysons filed the I-130 petition. Because it does not bear on jurisdiction, I do not examine this chronology further.

interview, including a prior spousal filing and a marriage formed in proximity to removal proceedings." *Id.* ¶ 25.

## II. ANALYSIS

Subject-matter jurisdiction is improper because the INA precludes APA and Mandamus Act review of claims relating to the discretionary pace at which USCIS investigates and adjudicates I-130 petitions.

### A. The Court Lacks Jurisdiction over the Tysons' APA Claims

Subject-matter jurisdiction over the Tysons' APA claims is improper because the pace at which USCIS investigates and adjudicates an I-130 petition is subject to the agency's discretion. A person who has suffered a legal wrong because of agency action may generally seek judicial review under the APA. *See* 5 U.S.C. § 702. "Although the APA independently does not confer subject-matter jurisdiction, 28 U.S.C. § 1331 confers jurisdiction on federal judges to review agency action under federal-question jurisdiction." *Perez v. USCIS*, 774 F.3d 960, 965 (11th Cir. 2014) (per curiam). But APA review does not apply when "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a).

First, 8 U.S.C. § 1252(a)(2)(B)(ii) strips "jurisdiction to review . . . any . . . decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this

subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title." The grant of authority relevant to the Tysons' action, 8 U.S.C. § 1154, is found in the relevant subchapter. This statutory bar applies "regardless of whether the judgment, decision, or action is made in removal proceedings." 8 U.S.C. § 1252(a)(2)(B).

Although the decision to approve a factually supported I-130 petition is nondiscretionary, the pace at which USCIS investigates the facts and adjudicates the petition is discretionary. *See Alfassi v. Garland*, 614 F. Supp. 3d 1252, 1256 (S.D. Fla. 2022); *Abdouch v. Mayorkas*, No. 3:24-cv-310-MMH-SJH, 2024 WL 5158772, at *3 (M.D. Fla. Dec. 18, 2024). The Secretary of Homeland Security must approve an I-130 petition only "if he determines that the facts stated in the petition are true" and that the "alien in behalf of whom the petition is made is an immediate relative specified in section 1151(b)." 8 U.S.C. § 1154(b). "The determination of what evidence is credible and the weight to be given that evidence [is] within the sole discretion of the [Secretary]." *Id.* § 1154(a)(1)(J).

Tellingly, Congress has not set a deadline within which the Secretary must adjudicate an I-130 petition even though it often prescribes timelines for the processing of immigration-related petitions. *See, e.g.*, 8 U.S.C. § 1232(d)(2) (requiring special immigrant juvenile petitions to be adjudicated within 180

days after filing); *id.* § 1158(d)(5)(A)(ii)–(iii) (requiring "final administrative adjudication" of asylum applications to be "completed within 180 days" after filing "in the absence of exceptional circumstances"). "With no specific deadline in the statute, Congress has left to . . . administrative discretion the time in which [to] complete [the] review of such applications." *Beshir v. Holder*, 10 F. Supp. 3d 165, 176 (D.D.C. 2014) (citation omitted).

In sum, "the Secretary has discretion in his 'investigation of the facts.'" *Mokone v. USCIS*, No. 4:25-cv-566-SRC, 2026 WL 850521, at *3 (E.D. Mo. Mar. 27, 2026). Here, as the Tysons admit, "[t]he record reflects facts likely to require a marital interview, including prior spousal filing and a marriage formed in proximity to removal proceedings." Am. Compl. ¶ 25. The record will also likely require the Secretary to weigh several exhibits like those attached to the Tysons' complaint, which "include their Florida marriage certificate, evidence that [Jamie] Tyson's prior marriage was dissolved, evidence regarding their shared household and financial life, and evidence concerning their United States citizen daughter," which the Tysons allege they submitted to USCIS. Am. Compl. ¶ 6; *see* (Docs. 1-8, 1-9, 1-10, 1-11). To compel the defendants to investigate and adjudicate Jamie Tyson's I-130 petition within the next week, as the Tysons request, would intrude on the Secretary's discretion to investigate and evaluate the facts. *See Nagy v. Edlow*, No. 8:26-cv-58-KKM-TGW, 2026 WL 1730130, at *3 (M.D. Fla. June 16, 2026).

Second, even if 8 U.S.C. § 1252 did not exist, the Secretary's pace of adjudicating an I-130 petition is unreviewable because it is committed to agency discretion by law. *See* 5 U.S.C. § 701(a)(2). As discussed above, although the Secretary "shall . . . approve" an I-130 petition, he must do so only after investigating the facts and determining that they are true, *see* 8 U.S.C. § 1154(b), and neither Congress nor the Secretary has prescribed a deadline for USCIS to adjudicate an I-130 petition. Again, the Tysons do not seek an order compelling the defendants to approve an I-130 petition for which the Secretary has investigated and determined the truth of the facts. Instead, they actually seek an order compelling the Secretary to investigate and determine those facts at a different pace. *See* Am. Compl. at 13. The APA does not permit review of this discretionary action. *See Nagy*, 2026 WL 1730130, at *3 (citing *Mokone*, 2026 WL 850521, at *3); *see also Alfassi*, 614 F. Supp. 3d at 1256 (concluding that the APA does not vest federal courts with jurisdiction to adjudicate claims relating to the pace of processing an I-130 petition); *Abdouch*, 2024 WL 5158772, at *3 (same).[3]

[3] The Tysons cannot circumvent the APA's bar on judicial review of actions committed to agency discretion by including a claim that the challenged conduct is arbitrary and capricious under 5 U.S.C. § 706(2). *See* Am. Compl. ¶¶ 51–54. Section 706(2) permits review of "final agency action[s]." 5 U.S.C. § 704. The Tysons do not identify a final agency action to set aside. Rather, they challenge the absence of agency action. *See Singh v. USCIS*, No. 24-cv-3562, 2025 WL 1489804, at *3–4 (E.D.N.Y. May 22, 2025).

The Tysons' arguments that the APA and INA permit review here are unpersuasive. They first acknowledge that *Nagy* and *Alfassi* are "adverse holdings" but argue that they present the more narrow claim of "whether § 1252(a)(2)(B)(ii) bars review of USCIS's complete failure to decide a petition governed by § 1154(b), where USCIS alone may supply the predicate determination required in imminent removal proceedings." Resp. to O.S.C. at 3–4. But *Nagy* and *Alfassi* each address claims like the Tysons' relating to unreasonable delay in processing a petition governed by § 1154(b), and § 1252(a)(2)(B) applies "regardless of whether the [challenged] judgment, decision, or action is made in removal proceedings." 8 U.S.C. § 1252(a)(2)(B). The existence of removal proceedings does not erase the Secretary's discretion over the pace of adjudicating an I-130 petition.

They next argue that the canon of constitutional avoidance requires construing § 1252(a)(2)(B)(ii) in their favor because a "broad reading" of the statute "would leave no forum able to require the responsible agency to decide the petition before the removal proceeding reaches judgment." Resp. to O.S.C. at 4–5. This canon applies only "[w]hen 'a serious doubt' is raised about the constitutionality of an act of Congress" and the act is ambiguous. *Nielsen v. Preap*, 586 U.S. 392, 418–19 (2019) (citations omitted). Here, the Tysons do not identify a protected interest in having an I-130 petition adjudicated before a removal proceeding reaches judgment or explain how established removal

procedures do not adequately protect such an interest, so they do not raise a "serious doubt" about the constitutionality of § 1252(a)(2)(B)(ii). *See Agility Def. & Gov't Servs., Inc. v. U.S. Dep't of Def.*, 739 F.3d 586, 591 (11th Cir. 2013) (explaining the elements of a procedural-due-process claim); *cf. Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008) (explaining the elements of a procedural-due-process claim in removal proceedings).

### B. The Court Lacks Jurisdiction over the Tysons' Mandamus Claim

Subject-matter jurisdiction over the Tysons' mandamus claim is also improper. For one, § 1252(a)(2)(B) "explicitly strips [a] district court of jurisdiction under the mandamus statute." *Nagy*, 2026 WL 1730130, at *1 n.1 (quoting *Sands v. U.S. Dep't of Homeland Sec.*, 308 F. App'x 418, 420 (11th Cir. 2009) (per curiam)). But, even if it did not, mandamus relief is unavailable because the Tysons have not shown that they have a "clear right" to receive a decision on an I-130 petition before a removal hearing or that USCIS has a "clear duty" to act with respect to the discretionary pace at which it adjudicates an I-130 petition. *See Serrano v. U.S. Att'y Gen.*, 655 F.3d 1260, 1263 (11th Cir. 2011) (explaining that mandamus relief is proper "only if (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available" (citation omitted)).

## IV. CONCLUSION

I lack subject-matter jurisdiction over the Tysons' claims that the defendants have unreasonably delayed in adjudicating Nicholette Tyson's I-130 petition. Accordingly, the following is **ORDERED**:

1. This action is **DISMISSED** without prejudice for lack of subject-matter jurisdiction.
2. The Clerk is directed to **ENTER JUDGMENT**, which shall read, "This case is dismissed without prejudice."
3. The Clerk is further directed to **TERMINATE** all deadlines, pending motions, and hearings, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, September 26, 2026.

Kathryn Kimball Mizelle

Kathryn Kimball Mizelle
United States District Judge